ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 30 2012
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. 3:12-cr-0010-K |
| | § |
| PRINCE CHIMELA NWANKUDU | § |

## PLEA AGREEMENT

Prince Chimela Nwankudu, Jeffrey Grass (the defendant's attorney), and the United States of America agree as follows:

1. **Rights of the defendant**: Nwankudu understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense;

   e. to have the case against him presented to a federal grand jury; and

   f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Nwankudu waives these rights and pleads guilty to the offense alleged in Count 1 of the Superseding Information, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Mail Fraud. Nwankudu understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

a. imprisonment for a period not to exceed five years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Nwankudu violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release and be subject to additional supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which Nwankudu agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;

f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Nwankudu understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Nwankudu has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government recommends a sentence at the low end of the applicable advisory guideline range. However, Nwankudu understands that this recommendation is not binding on the Court, and he will not be allowed to withdraw his plea if the recommendation is not adopted or if the Court departs from the applicable advisory guideline range. Nwankudu fully understands that the actual sentence imposed (so long as it is within the statutory

maximum) is solely in the discretion of the Court. Moreover, if the government obtains evidence that makes the recommendation inappropriate, the government will disclose that evidence to the Court and will be permitted to withdraw its recommendation without being found in breach of this agreement.

5. **Mandatory special assessment**: Prior to sentencing, Nwankudu agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Nwankudu shall give complete and truthful information and/or testimony concerning his participation in all relevant conduct related to the offense of conviction. Upon demand, Nwankudu shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Nwankudu expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Nwankudu fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Nwankudu understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.  **Government's agreement**: The government will not bring any additional charges against Nwankudu based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Nwankudu or any property.

8.  **Violation of agreement**: Nwankudu understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Nwankudu for all offenses of which it has knowledge. In such event, Nwankudu waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Nwankudu also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.  **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Nwankudu waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and

sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Nwankudu, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Nwankudu has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Nwankudu has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Nwankudu has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Deportation Consequences**. Nwankudu recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removal offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and Nwankudu understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Nwankudu nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 12th day of January, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

_____
LINDA GROVES
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.


_____     1/27/12
PRINCE CHIEMELA NWANKUDU          DATE
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____     1/27/12
JEFFREY GRASS                     DATE
Attorney for Defendant
Prince Chiemela Nwankudu


Plea Agreement – Page 7 of 7